IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-31317

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD A. DYER, also known as Blabber,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CR-57)

July 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

After defendant Donald Dyer appealed his sentence for conspiracy to possess with intent to distribute heroin, this court vacated and remanded for resentencing. Dyer appeals again, challenging various aspects of his resentencing. We affirm.

I

Dyer first contends that the district court erred in employing a preponderance-of-the-evidence standard in making factual findings

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for sentencing purposes. Dyer contends that the district court should have employed the clear-and-convincing-evidence standard. Dyer has waived this issue by failing to argue it on his original appeal in this case. In any case, Dyer is wrong. The standard is preponderance of the evidence.[1]

## II

Dyer argues that the district court violated his Fifth Amendment right to remain silent by basing his sentence on the fact that Dyer's involvement in the uncharged murders was "unexplained." Even if the district court committed error, the passing reference to "unexplained involvement" could be nothing more than harmless error. The district court had found at the initial sentencing that Dyer was involved in the murders. This court upheld that factual determination in the first appeal. Thus, the district court's comment could be nothing more than gratuitous, since the fact of Dyer's involvement had already been found.

## III

Dyer contends that the district court erred in basing its upward departure on his involvement in two prior, uncharged murders. He argues that section 4A1.3(e) of the Sentencing Guidelines allows consideration of criminal conduct not resulting in a conviction only when such conduct is "similar" to the offense

---

[1] *United States v. Hill*, 2001 WL 788613, *2 (5th Cir. July 11, 2001).

2

of conviction.[2]  Dyer failed to make this argument to the district court.  Thus, we choose not to address it on appeal.[3]

IV

The judgement of the district court is AFFIRMED.

---

[2] *See* U.S.S.G. § 4A1.3(e).

[3] *See United States v. Meshack*, 225 F.3d 556, 578 n.21 (5th Cir. 2000) (noting "general rule" that "claims cannot be brought on direct appeal absent their having been raised adequately in the district court").  Dyer also contends that the district court erroneously based the upward departure on a cross reference to the murder guideline U.S.S.G. § 2A1.1, as authorized in some circumstances by U.S.S.G. § 2D1.1(d)(1).  The district court, however, did not base its upward departure on § 2A1.1 and § 2D1.1(d)(1) but on § 4A1.3.  This claim has no merit.